NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. GEORGE THOMAS, Defendant-Appellant. | No. 25-17 D.C. No.4:24-cr-384-HSG MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 9, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and LEFKOW, District Judge.***

George Thomas appeals his sentence imposed following his guilty plea to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Thomas contends, for the first time on appeal, that his sentence violates the Fifth and Eighth Amendments because the district court did not impose a more lenient sentence based on his mental health disorders.[1] Constitutional claims raised for the first time on appeal are reviewed for plain error. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id*. (citation modified). Even then, we may exercise our discretion to remedy such error only where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted). Thomas does not make this showing.

1. Thomas has not established that his sentence violated his Fifth Amendment equal protection rights because he has not shown that either § 2252, which is a statute of general applicability, or the Guidelines treat persons with mental health disorders more harshly than persons without such disorders. Thomas's conclusional assertions that the Guidelines are "outdated" and fail to

---

[1] In his plea agreement, Thomas forfeited his right to appeal "any aspect of [his] sentence," reserving only claims that his sentence "violated this plea agreement, applicable law, or the Constitution." As such, to the extent Thomas generally challenges the reasonableness of his sentence, such a claim is barred by his appellate waiver.

"effectively differentiate among offenders" do not support an equal protection claim without a showing of disparate treatment based on mental health conditions.[2] *Cf. Marquez-Reyes v. Garland*, 36 F.4th 1195, 1208 (9th Cir. 2022) (citation omitted) (explaining that to establish an equal-protection violation, an individual must show that he is "being treated differently from similarly situated individuals"). Thomas points to no evidence that individuals without mental health disorders convicted under § 2252 receive more lenient sentences. *Cf. United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006) (citation omitted) (recognizing that an equal protection challenge to the Guidelines is typically "based on a comparison of allegedly disparate sentences").

2.     Thomas has not established that his sentence violated the Eighth Amendment, which "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991)). Thomas's below-Guidelines sentence—well within the 20-year statutory maximum for possession of child pornography—does not meet this high bar. *See* 18 U.S.C. § 2252(b)(2); *cf.*

---

[2] Thomas also contends that he was entitled to a "special *Franklin*-type proceeding" to introduce mitigating evidence of his mental health conditions. But such a proceeding has no basis in federal law or the Constitution and instead derives from California statutory law. *See People v. Franklin*, 370 P.3d 1053, 1065 (Cal. 2016). In any event, federal law already provides a defendant the opportunity to present—and requires the district court to consider—mitigating evidence of the defendant's history and characteristics at sentencing. *See* 18 U.S.C. §§ 3553, 3582.

*United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) (citation omitted) (providing that a sentence within statutory limits will generally not violate the Eighth Amendment).

Thomas suggests that an Eighth Amendment violation occurred because the district court failed to perform an individualized analysis of his mental health and lack of criminal history at sentencing. But the Eighth Amendment does not require district courts to engage in an individualized analysis of a defendant's mitigating circumstances in non-capital cases. *See Harmelin*, 501 U.S. at 995–96. And regardless, the district court *did* consider Thomas's mental health and lack of criminal history. Thomas's counsel argued in a sentencing memorandum and at sentencing that Thomas's poor mental health and lack of criminal history warranted a downward variance. Then, in its statement of reasons, the court adopted the findings in the Pre-Sentence Investigation Report, which addressed both mitigating factors. It also ordered Thomas to participate in a mental health treatment program as a condition of his supervised release.

**AFFIRMED.**